UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
OCALA DIVISION

UNITED STATES OF AMERICA

-vs-                                              Case No.  5:04-cr-37-Oc-10GRJ

WESTLY B. CANI
_____/

**O R D E R**

This case is before the Court for consideration of the Defendant's motion for leave to appeal *in forma pauperis* (Doc. 39) and motion to dismiss counts two and three as multiplicitous (Doc. 55).  For the reasons that follow, the Defendant's motions are due to be denied.

**Motion to Dismiss**

The Defendant is an inmate in the Federal Correctional Complex at Coleman, Florida. The indictment (Doc. 1) charges the Defendant with four counts:

> Count one – conspiracy to distribute heroin and to possess heroin with intent to distribute it, a violation of 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(C);
> Count two – distribution of heroin and aiding in the distribution of heroin, a violation of 21 U.S.C. §§  841(a)(1) and 841(b)(1)(C) and 18 U.S.C. § 2;
> Count three – obtaining, attempting to obtain, and aiding in obtaining heroin while an inmate of a federal prison, a violation of 18 U.S.C. §§  1791(a)(2), (b)(1), and (d)(1)(C) and 2; and
> Count four – providing and aiding in providing heroin to an inmate of a federal prison, a violation of 18 U.S.C. §§ 1791(a)(1), (b)(1), and (d)(1)(C) and 2.

The Defendant moves to dismiss counts two and three of his indictment as multiplicitous. Specifically, the Defendant contends that count two is duplicitous to count four in that the distribution of heroin in count two must necessarily be proven to prove the distribution in count four. In other words, count two is a lesser-included offense of count four. The Defendant also contends that count three is duplicitous to count four in that the obtainment of heroin must necessarily be proven to prove the distribution of heroin in count four.

"An indictment is multiplicitous if it charges a single offense in more than one count."[1] The test for multiplicity is "whether each provision requires proof of a fact which the other does not."[2] This determination is premature. Whether a count in an indictment is multiplicitous of another and should be dismissed or merged is best determined after all of the Government's evidence has been presented and before the case is given to the trier of fact.[3] Therefore, the motion to dismiss counts two and three for multiplicity (Doc. 55) is due to be denied.

---

[1] United States v. Howard, 918 F.2d 1529, 1532 (11th Cir. 1990).

[2] Blockburger v. United States, 284 U.S. 299, 304 (1932).

[3] United States v. Leo, 406 F. Supp. 1174, 1180 (D. Wis. 1976). See also United States v. Molinares, 700 F.2d 647, 653 n. 11 (11th Cir. 1983) (noting that it was not error for the district court to reserve ruling on multiplicity until after presentation of the government's case, absent a showing of prejudice).

**Motion to Appeal *In Forma Pauperis***

The Defendant moves to proceed *in forma pauperis* in his appeal of this Court's orders (Docs. 8, 16) with respect to the Defendant's motion for discovery (Doc. 5), motion for waiver of arraignment (Doc. 6), and motion to dismiss indictment (Doc. 13). The Defendant's motion (Doc. 39) is due to be denied as moot since the Eleventh Circuit Court of Appeals has issued two orders (Docs. 52, 64) dismissing the Defendant's interlocutory appeals for lack of jurisdiction.

**Conclusion**

Accordingly, upon due consideration, it is ordered that:

(1) the Defendant's motion for leave to appeal *in forma pauperis* (Doc. 39) is DENIED as moot; and

(2) the Defendant's motion to dismiss counts two and three as multiplicitous (Doc. 55) is DENIED.

IT IS SO ORDERED.

DONE and ORDERED at Ocala, Florida this 17th day of May, 2005.

_____
UNITED STATES DISTRICT JUDGE

Copies to:   United States Attorney
             United States Marshal
             United States Probation Office
             U.S. Pretrial Services Office
             Counsel of Record
             Maurya McSheehy, Courtroom Deputy
             Westly B. Cani