UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
OCALA DIVISION

UNITED STATES OF AMERICA

v.                                                                                    5:04-cr-37-Oc-10GRJ

WESTLY B. CANI
_____

**ORDER**

Pending before the Court is Defendant's Motion To Permit Defendant Use Of Law Library While Detained In Seminole County Detention Center.  (Doc. 135.) The Defendant represents that he is not being permitted enough access to the law library at the Seminole County Detention Center, where Defendant was being held pending the sentencing hearing in this case.[1] Defendant requests that he be allowed a reasonable time in the law library to conduct legal research.

Defendant's request is due to be **DENIED** for several reasons. First, the Defendant in a criminal case does not have a constitutional right of law library access.[2] The right of a prisoner to have access to a prison law library stems from the constitutional right of access to the courts.[3] Thus, the obligation of a prison to provide an inmate with legal materials usually concerns the inmate's ability to present

---

[1] After the motion was filed the Defendant was transferred to the Marion County Jail for purposes of the hearing conducted by the undersigned on November 15, 2005 in Ocala. Therefore, Defendant's motion very well may be moot. However, because the Defendant is scheduled to be sentenced in Orlando and thus may be returned to the Seminole County Detention Center the Court will address Defendant's motion.

[2] See, e.g. Akins v. United States, 204 F.3d 1086, 1090 (11th Cir. 2000)("[T]he mere inability of a prisoner to access the law library is not, in itself, an unconstitutional impediment."); United States v. Lane, 718 F.2d 226, 233 (7th Cir. 1983)("[T]he court will not read into the Constitution a provision guaranteeing a defendant the right of law library access."); United States v. Chatman, 584 F.2d 1358 (4th Cir. 1978);

[3] Bounds v. Smith, 430 U.S. 817 (1977).

constitutional, civil rights, and habeas corpus claims.[4] In the criminal context the right of access to the courts is not implicated where, as here, the Defendant is represented by counsel. The fact that a Defendant is represented by a lawyer, who is able to research legal issues, present papers to the Court and appear in Court on behalf of the Defendant provides the Defendant with more than meaningful access to the courts. Indeed, even where a Defendant exercises his right under the Sixth Amendment to represent himself it is doubtful that the defendant has a right of access to a law library.[5]

Secondly, even if the Defendant had a right of access to a law library, the Defendant's motion is due to be denied because the Defendant has not provided any information as to the frequency or length of time he is requesting for use of the prison law library. Further, the Defendant has also failed to even mention how much time he has been provided in the law library so that the Court can make a meaningful assessment of what is reasonable and necessary.

Lastly, the Defendant has failed to provide any information as to how he would be prejudiced if he is not provided additional access to the law library. It is well settled that an inmate raising an access to court claim cannot merely allege a denial of access

---

[4] *See,* Straub v. Monge, 815 F.2d 1467, 1470 (11th Cir. 1987)(also extending the right to a non-indigent inmate in a civil forfeiture action in which the inmate was not represented by counsel).

[5] *See,* Kane v. Espitia, 546 U.S. __ (2005)(October 31, 2005)(No. 04-1538)(*per curiam*) In Kane, while recognizing that appellate courts are split on whether *Faretta* implies a right of the *pro se* defendant to have access to a law library, the Supreme Court held that *Faretta* does not clearly establish the law library access right in the habeas context. Thus, while the Supreme Court did not expressly resolve in Kane the circuit conflict as to whether *Faretta* implies the right of a *pro se* criminal defendant to access a prison law library, it did establish that an inmate can not claim habeas relief where access to a prison law library has been denied because such right is not "clearly established." In this case the Court does not need to resolve the circuit conflict as to whether a *pro se* defendant has a right to access a law library under *Faretta* because when the instant motion was filed the Defendant was represented by counsel, and at the hearing on November 15, 2005 the Defendant advised the Court that he continued to want court appointed counsel to represent him.

to a law library but rather must demonstrate "that the lack of a law library ... hindered his 'efforts to proceed with a legal claim in a criminal appeal, postconviction matter, or civil rights action seeking to vindicate basic constitutional rights..'"[6] Here, because the Defendant has been represented by counsel and has not yet been sentenced he cannot claim that he has been hindered from appealing, from filing a claim for post conviction relief, or for that matter, that he has been injured as a consequence of not being provided more time in the law library at the Seminole County Detention Center.

Accordingly, for all of these reasons, the Defendant's Motion To Permit Use Of Law Library is due to be **DENIED.**

**IT IS SO ORDERED.**

**DONE AND ORDERED** in Ocala, Florida, on November 17, 2005.

_____
GARY R. JONES
United States Magistrate Judge

Copies to:
    All Counsel

---

[6] Wilson v. Blakenship, 163 F.3d 1284, 1290-91 (11th Cir. 1998).